UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOE NATHAN SCOTT, JR., | Case No. 3:15-cv-00231-RCJ-VPC |
| Petitioner, | ORDER |
| v. | |
| RENEE BAKER, et al., | |
| Respondents. | |

Petitioner Joe Nathan Scott, Jr.'s pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss (ECF No. 8). Scott filed what he styled as an opposition and a cross-motion for summary judgment (docketed as two filings at ECF Nos. 11 and 12), and respondents opposed the motion for summary judgment (ECF No. 14) and replied in support of the motion to dismiss (ECF No. 16).

## I.     Procedural History and Background

On April 19, 2013, Scott pleaded guilty to second-degree murder with the use of a deadly weapon (exhibits 11, 12).[1] The state district court sentenced him to a term of life with the possibility of parole after ten years and a consecutive term of 96 to 240 months for the deadly weapon enhancement. Exh. 13. Judgment of conviction was entered on April 25, 2013. Exh. 14. Scott had thirty days to file a notice of appeal. NRAP 4(b). Scott filed a notice of appeal almost fifteen months later on July 14, 2014. Exh. 18. On

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 8, and are found at ECF No. 9.

1

August 14, 2014, the Nevada Supreme Court dismissed the appeal for lack of jurisdiction because it was untimely, and remittitur issued on September 15, 2014. Exhs. 23, 24. Scott filed nothing further in state court.

Scott does not indicate on his federal habeas petition the date on which he dispatched it for filing, but he signed the petition on April 22, 2015 (ECF No. 5). Respondents now move to dismiss the petition (ECF No. 8).

## II. Instant Petition is Time-barred

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2). Here, the time period for seeking direct review expired thirty days after Scott's April 25, 2013 judgment of conviction. At that point, the AEDPA limitation period began to run. The AEDPA one-year limitation period had already expired when Scott filed his untimely notice of appeal almost fifteen months later on July 14, 2014, and he never filed a state postconviction petition. His April 2015 federal habeas petition is, therefore, time-barred. Petitioner does not argue that he is entitled to equitable tolling for any reason. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).

Respondents are also correct that his federal petition is wholly unexhausted, § 2254(b)(1), and that grounds 2, 3, and 4 are not federally cognizable under *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional

2

rights that occurred prior to the entry of the guilty plea," but may only attack the voluntary and intelligent character of the guilty plea).[2]

### III. Certificate of Appealability

As the petition is dismissed in its entirety, this is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Having reviewed its determinations with respect to Scott's petition, the court finds that none meets the *Slack* standard. The court therefore declines to issue a certificate of appealability.

---

[2] In ground 2, Scott claims that the victim's identification of Scott was coached, and that law enforcement incorrectly identified marks on Scott's arms as signs of struggle when they were from injecting drugs (ECF No. 4, p. 5). In ground 3, Scott contends that a statement of guilt that he sent to the prosecution was involuntary. *Id.* at 7. In ground 4, Scott asserts that insufficient evidence established the elements of second-degree murder. *Id.* at 9. These grounds all allege the deprivation of Scott's constitutional rights prior to his entry of his guilty plea. Accordingly, respondents are correct that these grounds are not federally cognizable under *Tollett.*

3

### IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 8) is **GRANTED**. The petition is dismissed as time-barred.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' first and second motions for extension of time to respond to the petition (ECF Nos. 6, 7) are both **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that petitioner's cross-motion for summary judgment (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's second motion for appointment of counsel (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' first and second motions for extension of time to reply in support of their motion to dismiss (ECF Nos. 13 and 15) are both **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: 23 August 2016.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE